**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALEKSANDER GEORGES AND IDA JELVEH, Individually And On Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**BANK OF AMERICA CORPORATION,**<br><br>**Defendant.** | **Case No.:**<br><br>**<u>CLASS ACTION</u>**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1) UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §§ 51, ET SEQ.;**<br><br>**2) UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. ALEKSANDER GEORGES ("Mr. Georges") and IDA JELVEH ("Ms. Jelveh," together the "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant BANK OF AMERICA CORPORATION ("Defendant" or "Bank of America"), for its misleading and illegal business practices, specifically the age discrimination in its maintenance fees in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq*., which caused Plaintiffs and other California consumers damages.
2. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.
3. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.
4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant's name.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seeks relief on behalf of a California statewide class, which will result in at least one class member belonging to a different state than that of Defendant. In addition, the matter in controversy exceeds $5,000,000 exclusive of interest and costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

2005 ("CAFA") are present, and this Court has jurisdiction.

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district, as Plaintiffs were unlawfully discriminated in this jurisdiction.

7. Defendant is subject to personal jurisdiction in the County of Orange, State of California, as Defendant regularly conducts business throughout the State of California; and Defendant purposefully availed itself to California by charging California consumers, including both Plaintiffs.

## PARTIES

8. Plaintiffs are, and at all times mentioned herein were, citizens and resident of the State of California, the County of Orange.

9. Plaintiffs are, and at all times mentioned herein was, a "person," as defined by Cal. Bus. & Prof. Code § 17201. Plaintiff is a member of the putative class defined herein.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation whose corporate headquarters are in North Carolina, and is incorporated within Delaware.

11. At all times relevant, Defendant has conducted business in this judicial district.

## FACTUAL ALLEGATIONS

12. Bank of America offers several banking products, including personal bank accounts.

13. Some of personal bank accounts that Bank of America offers include "Bank of America Advantage SafeBalance Banking"; "Bank of America Advantage Plus Banking"; and "Bank of America Advantage Relationship Banking."

14. In each of these types of personal bank accounts, Bank of America imposes a monthly maintenance fee of $12 ("Maintenance Fee") unless the consumer

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(1) has at least one qualifying direct deposit of $250 or more; (2) maintains a minimum daily balance of $1,500 or more in your account; (3) enrolls in Preferred Rewards program and qualifies for the Gold, Platinum or Platinum Honors tier; or (4) the consumer meets the requirements of the student waiver.

15. To meet the requirements of the student waiver, a consumer must show: (1) that he or she is a student enrolled in a high school or a college, university or vocational program, and (2) the consumer is under 24 years old.

*Plaintiff Georges*

16. Mr. Georges is currently twenty-four years old.

17. Mr. Georges opened an account with Bank of America in or about September 2016.

18. Before the Fall 2019 semester, Mr. Georges was enrolled as a full-time student since 2017.

19. When Mr. Georges was twenty-three years old or younger, he was exempt from receiving the Maintenance Fee under the student waiver.

20. Due to Mr. Georges' financial circumstances, he was unable to meet the requirements that he have at least one qualifying direct deposit of $250 or more; maintain a minimum daily balance of $1,500 or more in his account; or enrolls in Preferred Rewards program and qualify for the Gold, Platinum or Platinum Honors tier.

21. Despite still being a full-time student, Mr. Georges is now required to pay a Maintenance Fee of $12 simply because he is twenty-four years or older.

*Plaintiff Jelveh*

22. Ms. Jelveh is currently twenty-nine years old.

23. Ms. Jelveh opened an account with Bank of America on or about 2007.

24. Ms. Jelveh was a full-time student until June of 2018.

25. Before Ms. Jelveh turned twenty-four years old, Plaintiff received a student waiver, and was not required to pay any maintenance fees on the account.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

26. Due to Ms. Jelveh's financial circumstances, she was unable to meet the requirements that she have at least one qualifying direct deposit of $250 or more; maintain a minimum daily balance of $1,500 or more in her account; or enrolls in Preferred Rewards program and qualify for the Gold, Platinum or Platinum Honors tier.

27. Despite currently being a full-time graduate student, Ms. Jelveh was charged a Maintenance Fee of $12 because she is twenty-four years or older.

28. Bank of America does not have a compelling societal interest in discriminating against students' based on the students' age.

29. Based on the prerequisites of the maintenance fee, a consumer is only charged the maintenance fee if the consumers' bank account has a low balance in it. Thus, the only class of students older than are twenty-three years old that this maintenance fee affects are those students that are in economic duress.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

31. Plaintiff represents, and each is a member of, the Class, consisting of:

> All persons within California who Bank of America charged at least one maintenance fee, were of the age of twenty-four or older and were enrolled in a high school, college, university or vocational program, within the four years prior to the filing of the Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant charged Plaintiffs and the Class

members at least one maintenance fee due to their age.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant or its agents discriminated against the members of the Class by charging a maintenance fee based solely on age;

b. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

c. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiffs and members of the Class;

d. Whether Plaintiffs and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

e. Whether Plaintiffs and the putative Class members are entitled to injunctive relief as sought herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

37. Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class that they seek to represent. Similar to members of the putative Class, Plaintiffs were charged a maintenance fee due to their age. Defendant has no defenses unique to the Plaintiffs.

38. Plaintiffs will fairly and adequately protect the interests of the members of the putative Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

39. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them.

40. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

41. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

42. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to discriminate on the basis of age and deny the Class of their rights under California law.

43. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE, §§ 51 *ET SEQ*.

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§51, *et seq*., prohibits arbitrary discrimination by businesses on the basis of specified classifications, including age and gender.

46. The objective of the Unruh Civil Rights Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination. The Unruh Civil Rights Act applies not merely in situations where businesses exclude individuals altogether, but where treatment is unequal. For purposes of the Unruh Civil Rights Act, unequal treatment includes providing discounts on an arbitrary basis to certain classes of individuals. There is no requirement that the aggrieved party must demand equal treatment and be refused.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

47. UCRA is to be liberally construed to accomplish this purpose.

48. Defendant discriminates in violation of a reasonable regulation, and the discrimination was not rationally related to the services it performs.

49. The Act's remedial provisions are set forth in Cal. Civ. Code § 52(a), which provides:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

50. Plaintiffs need not prove that they suffered actual damages to recover the independent statutory damages of $4,000.

51. Plaintiffs and the members of the Class were injured by Bank of America's violations of Cal. Civ. Code § 51, *et seq.* and bring this action to recover damages and attorney's fees.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW,**
**CALIFORNIA BUS. & PROF. CODE §§ 17200, *ET SEQ.***

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiffs and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

54. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

"unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

55. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

**A. "UNLAWFUL" PRONG**

56. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by discriminating based on age in violation of UCRA, as alleged herein.

57. Defendant violated the above-referenced statutes by discriminating against student's based on their age.

58. Thus, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

59. Plaintiffs and the putative Class members suffered an injury in fact because Defendant charged Plaintiffs a $12 maintenance fee as a result of Defendant's unlawful discrimination.

60. Defendant acts and omissions are unlawful and constitute multiple violations of California's UCL. Plaintiffs reserve the right to identify additional violations by Defendant as may be established through discovery.

61. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

62. Plaintiffs and the members of the Class also seek restitution, in addition to all other relief this Court deems appropriate, consistent with Cal. Bus. & Prof. Code § 17203.

63. Plaintiffs, individually, and on behalf of all California consumers, seek individual, representative, and public injunctive relief and any necessary order or judgments that will prevent Defendant from continuing with its unlawful business acts and practices as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for relief and judgment as follows:

- Certifying the Class as requested herein;
- Appointing Plaintiffs and their counsel to represent the Class;
- Restitution of the funds improperly obtained by Defendants;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- For equitable and injunctive relief, including individual, representative, and public injunctive relief under the Unruh Civil Rights Act and the Unfair Competition Law; and
- Any other relief the Court may deem just and proper.

//

//

//

//

//

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: December 3, 2019

**KAZEROUNI LAW GROUP, APC**

BY: /s/ ABBAS KAZEROUNIAN
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorneys for Plaintiff*

**Additional Counsel for Plaintiff**

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone:(800)400-6808
Facsimile:(800) 520-5523