**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES                                Date: April 9, 2020

Title: ALEKSANDER GEORGES ET AL. v. BANK OF AMERICA, N.A.

---

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [22]**

Before the Court is Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss Amended Complaint ("Motion") (Dkt. 22). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court GRANTS Defendant's Motion.

**I.   Background**

    **A.   Facts**

The following facts are drawn from the First Amended Complaint ("FAC") (Dkt. 15). One type of personal bank account offered by Defendant is called "Bank of America Advantage Plus Banking." FAC ¶ 13. Defendant imposes a monthly $12 "maintenance fee" on such accounts, unless the account holder (1) makes at least one direct deposit of $250 or more; (2) maintains a daily minimum balance of at least $1500; (3) enrolls in a specified rewards program; or (4) qualifies for a student waiver. *Id.* ¶ 14. To qualify for the student waiver, the account holder must show (1) their enrollment in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES                       Date: April 9, 2020

Page 2

high school, college, university, or vocational program; and (2) that they are under twenty-four years old. *Id.* ¶ 15.

Plaintiffs Aleksander Georges and Ida Jelveh (collectively, "Plaintiffs") opened this type of bank account with Defendant before their respective twenty-fourth birthdays. *See id.* ¶¶ 17, 19, 23, 25. Before turning twenty-four, Plaintiffs received the student waiver and were exempt from paying the $12 monthly maintenance fees. *Id.* ¶¶ 19, 25. However, upon turning twenty-four, Plaintiffs lost their student waivers and were ineligible for any of the other exemptions from the maintenance fee; as such, Defendant started charging Plaintiffs the monthly $12 fee. *Id.* ¶¶ 20-21, 26-27.

Because the maintenance fee is only charged against accounts with low balances, Plaintiffs argue that the age-based cutoff is discriminatory and serves no "compelling societal interest." *Id.* ¶¶ 28-29.

### B. Procedural History

Plaintiffs originally filed suit on December 3, 2019, and filed their First Amended Complaint on January 28, 2020. The FAC brings two claims against Defendant:

(1) violation of the Unruh Civil Rights Act, California Civil Code section 51 *et seq.*; and
(2) violation of the Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*

*See generally* FAC.

Defendant brought the instant Motion on February 10, 2020. On March 2, 2020, Plaintiffs filed their Opposition (Dkt. 23), and Defendant submitted a Reply (Dkt. 24) on March 16, 2020.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES                                                                                   Date: April 9, 2020

Page 3

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific tast that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

       When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES　　　　　　　　　　　　　　　　　　Date: April 9, 2020

Page 4

### III. Discussion

#### A. The First Amended Complaint Fails to State a Claim Under the Unruh Civil Rights Act

Defendant argues that Plaintiffs' claim under the Unruh Civil Rights Act ("Unruh Act") must be dismissed because California courts frequently uphold the sort of age discrimination alleged here. Plaintiffs disagree, arguing that the age-based pricing model at issue here is arbitrary and prohibited by the Unruh Act.

#### 1. Legal Standard

The Unruh Act prohibits discrimination on the basis of "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status"; irrespective of such differences, all persons within the jurisdiction of California "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b) (West 2020). The California Supreme Court has interpreted the list in section 51(b) as "illustrative rather than restrictive, and has construed the act to apply to several unexpressed classifications based on personal characteristics." *Pizarro v. Lamb's Players Theatre*, 135 Cal. App. 4th 1171, 1174-75 (2006) (citing *Harris v. Capital Growth Inv'rs XIV*, 52 Cal. 3d 1142, 1152 (1991)). Thus, although age is not explicitly listed, the Unruh Act prohibits age discrimination "when it is used as an arbitrary class-based generalization." *Id.* at 1175 (citations omitted).

Not all discrimination is illegal under the Unruh Act, which "prohibits only arbitrary, invidious or unreasonable discrimination." *Sargoy v. Resolution Tr. Corp.*, 8 Cal. App. 4th 1039, 1043 (1992) (citing *In re Cox*, 3 Cal. 3d 205, 216-17 (1970)). Such proscribed discrimination "'emphasizes irrelevant differences' or 'perpetuates [irrational] stereotypes.'" *Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1062 (alteration in original) (quoting *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33, 36 (1985)). If an instance of discriminatory treatment is supported by strong public policy considerations, California courts have "uniformly" found the treatment to be "reasonable, and thus nonarbitrary," under the Unruh Act. *Sargoy*, 8 Cal. App. 4th at 1043 (citations omitted). Importantly, "profit maximization" is not such a policy consideration and "can never serve as an excuse for prohibited discrimination." *Candelore v. Tinder, Inc.*, 19 Cal. App. 5th 1138, 1154 (2018).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES                                      Date: April 9, 2020

**2.      Discussion**

Here, Plaintiffs argue that Defendant's policy of extending the student waiver to students who are twenty-three years old and younger—but not twenty-four—is arbitrary and unreasonable. It may well be arbitrary, in a certain sense, for the student waiver to cut off at age twenty-four, as opposed to, say, twenty-three or twenty-five. But such arbitrariness will *always* inhere in any sort of age-based pricing scheme. (Why, for example, should a senior discount start at sixty-five, rather than sixty-four or sixty-six?) The Court is not inclined, at this juncture, to invalidate every sort of age-based pricing scheme or discount on this basis. The arbitrariness inherent in an age cutoff, moreover, cannot be the sort of arbitrariness prohibited by the Unruh Act, as California courts routinely uphold age-based pricing discrimination.

In dicta, the California Supreme Court has observed that "[c]harging different prices to children and senior citizens is sometimes permissible and socially desirable" because "[c]hildren and elderly persons frequently have limited earning capacities which justify differential treatment in some circumstances." *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 36-37 (1985). Numerous California cases (with the recent exception of *Candelore v. Tinder, Inc.*) have followed this dictum to uphold age-based discounts. *Candelore*, 19 Cal. App. 5th at 1148-49 (collecting cases). Therefore, either California courts are routinely mistaken in their interpretation of the Unruh Act, or age-based price discrimination can sometimes be justified by public policy considerations.

In any event, this Court is not free to contradict the California Supreme Court and the overwhelming majority of lower California court decisions. As the Ninth Circuit has held:

> Decisions of the California Supreme Court, including reasoned dicta, are binding on us as to California law. Decisions of the six district appellate courts are persuasive but do not bind each other or us. We should nevertheless follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it.

*Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) (citations omitted). This Court is therefore bound by the "reasoned dicta" in *Koire*, which suggested that age-based price discrimination could be justified in some circumstances. And while the opinions of the California intermediate appellate courts are not strictly *binding* on this Court, the Court is not convinced that the California Supreme Court would reject the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES                                                      Date: April 9, 2020

Page 6

majority of intermediate appellate opinions approving age-based pricing and discounts. Because *Candelore v. Tinder, Inc.* is an outlier opinion—even according to its own survey of the case law—this Court cannot adopt its reasoning and invalidate the student waiver at issue here as a violation of the Unruh Act.

Therefore, given the weight of California case law approving age-based pricing and discounts like Defendant's student waiver, the Court must adopt the reasoning of the California courts on this issue. The Court finds that the student waiver—which cuts off when an account holder turns twenty-four—is not an arbitrary or unreasonable form of discrimination within the meaning of the Unruh Act. Plaintiffs' Unruh Act claim therefore fails as a matter of law and must be dismissed. Given the relevant California case law, the Court finds that amendment would be futile with respect to this claim, and the dismissal shall be with prejudice.

### B.     The First Amended Complaint Fails to State a Claim Under the Unfair Competition Law

The Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Profs. Code § 17200 (West 2020). A UCL claim may be established under any of the three prongs, i.e., unlawful, unfair, or fraudulent. *Daro v. Sup. Ct.*, 151 Cal. App. 4th 1079, 1093 (2007) (citing § 17200). The "unlawful" prong "borrows violations of other laws and treats them as independently actionable." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006). Almost any law can serve as a predicate for an action under the UCL's unlawful prong. *Smith v. State Farm Mut. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001).

The FAC explicitly relies on the unlawful prong of the UCL, based on the alleged violation of the Unruh Act. FAC ¶ 56. As discussed above, Plaintiffs' claim under the Unruh Act fails; as such, it cannot serve as basis for Plaintiffs' UCL claim.

According to Plaintiffs' Opposition, the FAC also alleges that Defendant's conduct is unfair under the UCL. Opp'n at 20. However, the relevant portions of the FAC only allege (1) a class-wide question of "[w]hether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice" under the UCL, FAC ¶ 36(b); (2) that "Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising" prohibited by the UCL, *id.* ¶ 55; and (3) that "Defendant has committed acts of unfair competition . . . by engaging in a pattern of 'unlawful' business practices" under the UCL, *id.* ¶ 56. The first two of these allegations are conclusory, and thus insufficient under *Twombly* and *Iqbal*.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02329-DOC-KES	Date: April 9, 2020

Page 7

The third explicitly references the unlawful prong of the UCL and thus does not present a separate theory of liability under the unfair prong.

The Court therefore finds that Plaintiffs have failed to state a claim under the UCL. To the extent the UCL claim is predicated on the Unruh Act claim, it must be dismissed with prejudice, as amendment appears futile with respect to the Unruh Act claim. The Court will give leave to amend on the UCL claim to afford Plaintiffs the opportunity, should they so desire, to develop their (currently conclusory) allegations under the unfair or fraudulent prongs of the UCL.

If Plaintiffs elect to amend their complaint, the amended complaint should include an updated jurisdictional analysis, as the Court cannot determine ex ante whether federal jurisdiction will obtain without the Unruh Act claim.

## IV. Disposition

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. In particular, the Court:

— DISMISSES WITH PREJUDICE Plaintiffs' claim under the Unruh Civil Rights Act; and

— DISMISSES WITHOUT PREJUDICE Plaintiffs' claim under the Unfair Competition Law.

Plaintiffs may file an amended complaint, if so desired, on or before April 24, 2020.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11	Initials of Deputy Clerk: kd

CIVIL-GEN